OPINION
This is an appeal from a decision of the Richland County Common Pleas Court granting summary judgment in favor of defendant-appellee employer, Hi-Stat Manufacturing Company, Inc., as to a claim of intentional tort affecting plaintiff-appellant.
Appellant began employment with appellee in September, 1996, on the assembly line. In April, 1997, she successfully bid for transfer to a position as second-shift custodian.
Included in the job description for such position was emptying trash cans and sanitary napkin containers in the plant restrooms.
In a particular restroom identified as the Vibraseal restroom, appellant encountered a discarded syringe in the sanitary napkin container and reported such to a supervisor. This occurred in August or September, 1997.
Subsequent similar discoveries occurred in each of the succeeding weeks with reportings of such by appellant to appellee.
On January 14, 1998, appellant suffered a puncture injury to one of her fingers by a syringe contained within a sanitary napkin, the needle end of which protruded through the plastic bag provided for disposal of such napkins.
Appellant asserts that she contracted Hepatitis C as a result of such wound.
A discrepancy exists between appellant's deposition testimony as to non-action by appellee, and response to her pre-injury reports as to the syringes.
Appellee, in contrast, states that warning signs were posted, sharp receptacles were provided and in-plant television safety warnings were shown to employees, as to appropriate disposal of medical syringes, prior to the injury.
A prior occurrence of some contact with a syringe was occasioned by a custodian when disposing of a trash bag filled with syringes used on a particular day by the Red Cross, or other outside entity, giving flu shots to employees. Such custodian had not been notified of the contents of such particular trash bag.
Also, prior to the injury to appellant, another custodian experienced a near-miss similar to appellant's injury when a syringe needle end punctured a plastic trash bag and went between her fingers, but without contact. Such incident was also reported.
The issue in question is whether the inaction of appellee, if established, constituted negligence or recklessness subject to participation by appellant under Workers' Compensation, or whether the same rose to the level of an intentional tort, which could be imputed to appellee. If the latter could be a consequence, then a jury question would arise, abrogating the applicability of a summary judgment ruling.
Appellant's sole Assignment of Error is as follows:
 ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN HOLDING THAT PLAINTIFF HAD FAILED TO PRESENT EVIDENCE TENDING TO SHOW THAT INJURY TO ITS EMPLOYEE, IF SHE WAS REQUIRED TO CONTINUE EMPTYING THE TRASH BAGS CONTAINING THE USED SYRINGES, WAS SUBSTANTIALLY CERTAIN TO RESULT AS REQUIRED BY THE SECOND PRONG OF THE TRIPARTITE ANALYSIS OF FYFFE.
 I.
Under Civ.R. 56 and Dresher vs. Burt (1996),75 Ohio St.3d 280:
 "Party seeking summary judgment, on the ground that nonmoving party cannot prove its case, bears initial burden of informing trial court of basis for motion and identifying portions of record, such as pleadings, depositions, and answers to interrogatories, which demonstrate absence of genuine issue of material fact on essential elements of nonmoving party's claims; although movant need not support motion with affidavits negating opponent's claims, movant cannot discharge its initial burden simply by making conclusory assertion that nonmoving party has no evidence to prove its case and instead must point to specific evidence affirmatively demonstrating that opponent lacks evidence to support its claims.
 If party moving for summary judgment satisfies its initial burden of identifying portions of record which demonstrate absence of genuine issue of material fact on essential elements of nonmoving party's claims, then nonmoving party has reciprocal burden to set forth specific facts showing that there is genuine issue for trial.
 Summary judgment may be rendered if pleadings and arguments of party seeking summary judgment clearly establish that nonmoving party has no legally cognizable cause of action.
The trial court appropriately accepted appellant's assertions as true for purposes of the summary judgment.
Under Fyffe vs. Jeno's, Inc. (1991), 59 Ohio St.3d 115, and its predecessors, the determination of the possible existence of an employer intentional tort is subject to a three-prong test:
 In order to establish "intent" for purposes of proving existence of intentional tort committed by employer against his employee, within purview of Restatement (Second) of Torts, there must be: a showing of knowledge by employer of existence of a dangerous process, procedure, instrumentality, or condition within its business operation: knowledge by the employer that, if the employee is subjected by his employment to such dangerous process, procedure, instrumentality, or condition, harm to the employee will be substantially certainty; and showing that the employer, under those circumstances and with that knowledge, acted to require the employee to continue to perform the dangerous task.
 To establish intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established; where the employer acts despite his knowledge of some risk, his conduct may be negligent but, as the probability increases that particular consequences may follow, the employer's conduct may be characterized as recklessness and, as the probability that the consequences will follow further increases and the employer knows that injuries to employees are certain or substantially certain to result from process, procedure or condition, and he still proceeds, he is treated by the law as if he had in fact desire to produce the result; mere knowledge and appreciation of risk, something short of substantial certainty, is not intent.
Under the case sub judice, there is no question that, assuming appellant's assertions are true, the first requirement of Fyffe, supra, is present, in that contact with the needle of a used syringe, the likelihood of its extruding through trash bags, is potentially dangerous; and that disposal of the trash bags is part of the business operations of appellant. Also, as such disposal constitutes part of the job requirements of appellant, the third recited prong is potentially present.
The crux of the issue is whether imputable knowledge that injury to employees, such as appellant, by non-action of appellee, if such occurred, was certain or substantially certain to result.
The trial court found that appellee's claims, though presumed to be true, did not rise beyond negligence or recklessness to the threshold of intentional tort. As the certainty or substantial certainty of the second requirement of Fyffe, supra, was not present.
This Court agrees with the determination made by the Richland County Common Pleas Court to the effect that recklessness or negligence was potentially present, but that the standards of the Fyffe three-prong test were not met, and therefore, did not rise to the level of an intentional tort by the employer.
Therefore, the decision by the Court of Common Pleas of Richland County is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellant.
Boggins, J., and Wise, J. concur and concurs separately.
Hoffman, P.J. dissents.